IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 13-0065-WS-B |
| | ) |
| WESTERN EXPRESS, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court *sua sponte* on preliminary screening of the Notice of Removal (doc. 1) filed by defendants, Western Express, Inc. and Jeffery Allen Wilcox, on February 11, 2013.

As an initial matter, the Court notes that defendants have not complied with the requirement of Rule 81(c)(2), Fed.R.Civ.P., that they file an answer within 21 days after receipt of plaintiff's initial pleading or within 7 days after filing the notice of removal.  Defendants are **ordered**, on or before **March 7, 2013**, to **show cause** for this omission.

The second issue is more fundamental.  In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking.  *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1]  In the Notice of Removal, defendants predicate federal jurisdiction on the diversity provisions of 28 U.S.C.

---

[1]    *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (noting that "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

§ 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse …
and the amount in controversy must exceed $75,000." *Underwriter's at Lloyd's, London v.
Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). Although defendants
have made an adequate showing of complete diversity of citizenship, the Notice of Removal
leaves substantial unanswered questions as to the amount in controversy.

Defendants state in their Notice of Removal that "it is the estimation of the undersigned
counsel that the plaintiff will more likely than not seek damages in excess of $75,000.00." (Doc.
1, ¶ 11.) Review of the pleading itself does not appear to support such a conclusion. The
Complaint does not specify the amount of damages sought, nor does it identify with any
particularity the nature of plaintiff's injuries. Instead, the Complaint merely alleges that, while
plaintiff Charles Hicks was in a parked 18-wheel tractor-trailer in a parking lot, defendant
Wilcox "caused a collision with Mr. Hicks' vehicle." (Complaint, at 2.) There is no indication
that Wilcox was traveling at a high rate of speed, or that Hicks' injuries were severe. Instead, the
Complaint offers mere general allegations that Hicks "suffered injuries to his head, neck, back
and body, necessitating medical treatment." (*Id.*) Did Hicks' injuries require hospitalization?
Was there ongoing treatment? Are his injuries permanently debilitating and, if so, to what
extent? What medical expenses and lost wages has he incurred? The Complaint offers no
inkling, nor was it required to do so.

The trouble is that defendants are attempting to extrapolate from these cursory, non-
specific allegations that Hicks seeks damages in excess of $75,000. The law is well-settled that
"[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant
must prove by a preponderance of the evidence that the amount in controversy more likely than
not exceeds the … jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d
1058, 1061 (11th Cir. 2010) (citations and internal quotation marks omitted). In shouldering this
burden, a removing defendant "is not required to prove the amount in controversy beyond all
doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744,
754 (11th Cir. 2010). Rather, the defendant may satisfy its burden by showing either that it is
"facially apparent from the pleading itself that the amount in controversy exceeds the
jurisdictional minimum," or that there is "additional evidence demonstrating that removal is
proper." *Roe*, 613 F.3d at 1061 (citations omitted). What the defendant may not do, however, is

rely exclusively on "conjecture, speculation, or star gazing" to establish the requisite amount in controversy. *Pretka*, 608 F.3d at 754.

If defendants believe it is "facially apparent" from the Complaint that the amount in controversy is satisfied, then they must explain why. If defendants have "additional evidence demonstrating that removal is proper," then they must come forward with such evidence. Here, defendants have done neither, but have instead offered a conclusory and unilluminating affidavit from counsel that "[b]ased on my background and experience in lawsuits of this nature, it is my judgment that the plaintiff will seek damages in excess of $75,000.00 from the jury in this case." (Doc. 1, Exh. 2.) Without knowing what (if any) facts specific to this case form the basis of counsel's "judgment," the Court cannot discern whether counsel's opinion is based on anything more than improper speculation. *See Lambeth v. Peterbilt Motors Co.*, 2012 WL 1712692, *5 (S.D. Ala. May 15, 2012) ("Without knowing the nature and severity of his injuries, any attempt to formulate an analogy between Lambeth and an injured plaintiff in another case who received damages greater than $75,000 is nothing more than gross speculation, guesswork and wishful thinking, none of which the Court can indulge.").

In light of the foregoing, defendants are **ordered** to file a supplemental memorandum, supported by exhibits and authorities as appropriate, in support of their Notice of Removal on or before **March 14, 2013**, addressing this defect, at which time the jurisdictional issue will be taken under submission.

DONE and ORDERED this 1st day of March, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE